# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# FORT SMITH DIVISION

**WOODROW ROGERS**                                                       **PLAINTIFF**

v.                              **Civil No. 04-2161**

**GENERAL MOTORS CORPORATION**                      **DEFENDANT**

## CONSENT PROTECTIVE ORDER OF CONFIDENTIALITY

It appearing to the Court that the parties have consented thereto and for good cause shown, IT IS HEREBY ORDERED that the following procedures and provisions shall govern Plaintiff Woodrow Rogers and Defendant General Motors Corporation ("General Motors").

1. Until further order of the Court or stipulation of Plaintiff and Defendant, all documents, videotapes, films, database information, and other information, including the substance and content thereof, designated by General Motors as confidential and proprietary, and produced by General Motors to Plaintiff in response to formal and informal discovery in this action, including items in Answers, Responses to Interrogatories, Responses to Requests for Production of Documents or Admissions, and depositions of General Motors employees, former employees, or consultants, shall be subject to this Protective Order. General Motors shall designate material/information "confidential" after a good faith determination that the material/information contains competitively sensitive or proprietary information, trade secrets, or otherwise is confidential under applicable law. Confidential/Proprietary information will be designated "Produced by General Motors Pursuant to Protective Order" or with similar language in a manner that will not interfere with its legibility.

2. In responding to written discovery, General Motors may designate as confidential any portion of any response that contains competitively sensitive or proprietary information, trade secrets, or information considered confidential under applicable law, by marking the

material/information as "Confidential," in a manner that will not interfere with its legibility, and with the words "Produced in <u>Woodrow Rogers v. GM</u>, pursuant to a Protective Order" or with similar language.

3. Any such confidential material/information filed with the Court, including but not limited to transcripts, depositions, exhibits, and pleadings, shall be marked "Confidential" and filed under seal with the Clerk of the Court, and shall be available for inspection only by the Court and by persons authorized by this Protective Order to receive such confidential information. Such documents shall be filed only in sealed envelopes on which shall be endorsed the caption of this action, an indication of the contents, and the following designation:

**CONFIDENTIAL**

> This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing use of confidential discovery material. The envelope shall not be opened or the contents thereof displayed or revealed except by order of the Court. <u>Violation hereof may be regarded as contempt of Court</u>.

4. If protected material/information is discussed during a deposition or hearing, General Motors shall designate the appropriate portions thereof as protected material/information by so indicating on the record during the deposition or hearing or by providing notice to all parties within sixty (60) days of the deposition or hearing. Any court reporter transcribing the hearing or deposition shall mark each page that contains such protected material/information in substantially the following form: **"SUBJECT TO PROTECTIVE ORDER: CONTAINS PROTECTED CONFIDENTIAL MATERIAL/INFORMATION."**

5. Any such confidential material/information as described above that General Motors shall provide to any party in this action, and any information derived therefrom, including any copies, recordings, disks, prints, negatives, extracts, or summaries of the contents or substance thereof, shall be kept in the exclusive care, custody, and control of counsel for the

2

party receiving and deriving such information, and only shall be disclosed or referenced to the party and/or to immediate and direct employees of the party's trial counsel's law firm who are assisting in the handling of this litigation, experts assisting in this litigation, court and court personnel, stenographic reporters, current or former General Motors employees noticed for depositions or who may be used as witnesses in this litigation.

6. Receipt of confidential material/information shall not be disclosed or referenced to any other person to whom disclosure is not authorized by the terms of this Protective Order, and the confidential material/information shall not be used or referred to except in connection with this pending litigation against General Motors for purposes of pre-trial proceedings, preparation for trial, trial, or settlement of this action. Any recipient of such confidential material/information shall exercise reasonable and appropriate care with regard to the storage, custody, copying, reference, and/or use of such confidential material/information to ensure that the confidential nature of the same is maintained.

7. Any recipient of confidential material/information, prior to receipt thereof, shall be furnished with a copy of this Protective Order and a copy of a letter, a copy of which is attached hereto as Exhibit 1, instructing that the recipient shall not disclose or reference the confidential material/information to any person to whom disclosure or reference is not authorized by the terms of this Protective Order.

8. Any recipient of confidential material/information, prior to receipt thereof, shall also sign and return to requesting counsel an Acknowledgment of Protective Order, a copy of which is attached hereto as Exhibit 2, acknowledging that they have received a copy of the Protective Order and aforementioned letter, have read the same, and understand that they are subject to the terms of the Protective Order. Each signed Acknowledgment is to be retained in the custody of counsel for the party requesting the particular Acknowledgment.

9. Upon conclusion of this action, a list of persons to whom disclosure of confidential material/information has been made and who have signed an Acknowledgment shall be provided to the lawyers for other parties within thirty (30) days.

10. Any confidential material/information produced or disclosed in this action, and any information derived therefrom, shall not be disclosed or referenced to any person or entity who has not signed an Acknowledgment of Protective Order.

11. Material/information designated as confidential may be referred to by the parties in notices, motions, briefs, or any other pleadings, may be used in depositions, and may be marked as deposition exhibits in this action. No such material/information shall be referenced or used, however, for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and separately filed under seal with the Court.

12. If, at the time of trial, any party intends to introduce into evidence in this action any material/ information designated as confidential, he shall give timely notice of such intention to the Court and counsel for General Motors. Upon request, the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such material/information. This Protective Order shall not be construed to waive any relevant objections applicable under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

After the conclusion of this action, this Protective Order shall continue to apply to all confidential material/information provided by General Motors under this Protective Order to any party, any party's counsel's employees, to any party's consultants and experts, and to other attorneys and their experts involved in the investigation, preparation, prosecution or defense of this action.

13. Upon conclusion of this action, by settlement or otherwise, counsel for the parties herein shall make a good faith attempt to return all protected material/information that is not

4

"work product," including any and all copies, recordings, prints, disks, negatives, or other similar records thereof including, but not limited to any such materials in the possession of any party, any party's employees, any party's counsel, and any party's consultants and experts. Any confidential material/information that comprises any portion of the trial or appellate record shall remain protected and shall continue to be sealed in accordance with the terms of this Protective Order.

14. Any protected material/information that is not returned because it has become a party's "work product" shall be destroyed upon the conclusion of this action. After destruction of such protected material/information, General Motors's counsel shall be advised promptly in writing that compliance with this term of the Protective Order has been accomplished.

15. In the event that any party disagrees with General Motors's designation of any item(s) as confidential and subject to this Protective Order, that party shall send a written notice to General Motors specifying the item(s) in question. Counsel for the parties will then make a reasonable effort to resolve the matter. In the event that the parties cannot reach an agreement concerning the confidentiality of the item(s), General Motors shall within thirty (30) days of receiving the notice described above, file a motion with the Court seeking a determination whether the item(s) properly are subject to this Protective Order. The party seeking protection shall bear the burden of showing that continued protection is appropriate. Any such item(s) shall continue to be treated as confidential and subject to this Protective Order until the matter of continued protection is resolved by the Court.

DATED this 17th day of February, 2006.

_____
Judge

CONSENTED TO:

_____
Ronald D. Harrison
Kimberly M. Rickard
Ledbetter, Cogbill, Arnold & Harrison, LLP
622 Parker Avenue
P.O. Box 185
Fort Smith, Arkansas 72902-0185
Telephone:    (479) 782-7294
Facsimile:    (479) 782-1493

ATTORNEYS FOR PLAINTIFFS


_____
Kirkman T. Dougherty
Stephanie I. Randall
Hardin, Jesson & Terry, PLC
5000 Rogers Avenue
P. O. Box 10127
Fort Smith, Arkansas  72917-0127
Telephone:    (479) 452-2200
Facsimile:    (479) 452-9097

— and —

Halli D. Cohn
Peter M. Jones
King & Spalding LLP
191 Peachtree Street
Atlanta, Georgia  30303-1763
Telephone:    (404) 572-4600
Facsimile:    (404) 572-5100

ATTORNEYS FOR DEFENDANT
GENERAL MOTORS CORPORATION